UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LHF PRODUCTIONS, INC.,

    Plaintiff,

vs.                                                     Case No.: 8:16-cv-2170-T-27AEP

CAROLE O'CONNOR, a/k/a
JOHN or JANE DOE subscriber
assigned IP address 65.35.162.174,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction against Defendant, Carole O'Connor (Dkt. 18). Plaintiff owns the copyright for the motion picture *London Has Fallen* ("Motion Picture") and sues Defendant for her unauthorized reproduction and distribution of the Motion Picture through an interactive peer-to-peer file transfer technology protocol. Defendant failed to respond to the Amended Complaint and a Clerk's Default was entered (Dkt. 15). Upon consideration, the Motion is GRANTED.

Upon entry of a default, the defendant admits the plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] The default, however, does not in itself warrant a default judgment. *Id.* "[T]he well-pleaded allegations in the complaint [must] actually state a substantive cause of action" and there must be "a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Even after liability has been established, "[a] court has an

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for the award). Under Federal Rule of Civil Procedure 55(b), an evidentiary hearing may be held to determine appropriate damages, but it is not required. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (citing *SEC v. Smyth*, 420 F.3d 1225, 1230 n.13 (11th Cir. 2005)).

The elements of a claim for copyright infringement are (1) ownership of a valid copyright, and (2) copying of protected elements from the work. *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011). The copyright owner is entitled to initiate an action for any infringement and may seek damages and an injunction. 17 U.S.C. §§ 501(b), 502, 504(a).

The court may grant a final injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "A plaintiff seeking a permanent injunction must demonstrate (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." *Angel Flight of Georgia, Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citation omitted).

If the copyright owner elects statutory damages and the court finds the infringement was willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The court may also award full costs and a reasonable attorney's fee as part of the costs. 17 U.S.C. § 505.

It is undisputed that Plaintiff owns the copyright for the motion picture *London Has Fallen*.

By virtue of the default, Defendant admits that she acted unlawfully to reproduce and distribute the Motion Picture using a file transfer technology protocol called BitTorrent, that she willingly and knowingly participated in a BitTorrent "swarm" in which numerous persons engaged in mass copyright infringement, and that she illegally uploaded the Motion Picture within the "swarm." (Dkt. 9 ¶¶ 6-8). Her use of the BitTorrent program allowed her to immediately share copies of the Motion Picture with other users. (*Id.* ¶ 15). Specifically, Defendant published the Motion Picture via BitTorrent and Plaintiff's investigator downloaded the picture from her on March 8, 2016. (*Id.* ¶ 26). She admits that she continues to use BitTorrent to download and distribute the Motion Picture in violation of Plaintiff's exclusive rights. (*Id.* ¶ 34). Plaintiff has demonstrated irreparable harm by Defendant's widespread and uncontrolled infringement. Her willful and continuous infringement warrants a permanent injunction, damages, and an award of reasonable attorneys' fees and costs. *See* 17 U.S.C. §§ 504(c)(2), 505; *Angel Flight of Georgia, Inc.*, 522 F.3d at 1208. Accordingly, Plaintiff will be awarded statutory damages of $15,000.00 against Defendant, Carole O'Connor.

Plaintiff claims 1.0 hours for Richard E. Fee, the president of the law firm, and 2.3 hours for Catherine Yant, an associate. In light of the work performed, these hours are reasonable. Accordingly, Plaintiff is entitled to an award of attorneys' fees of $942.50, reflecting hourly rates of $425.00 for Richard E. Fee and $225.00 for Catherine Yant. As the prevailing party, Plaintiff is entitled to recover its full costs of $1,429.50 ($942.50 in attorneys fees and $487.00 in costs). *See* 17 U.S.C. § 505.

Accordingly,

1.  Plaintiff's Motion for Entry of Default Final Judgment is **GRANTED**. The Clerk is directed to enter Default Final Judgment in favor of Plaintiff and against Carole O'Connor, residing at 8126 112th Street, Apt. 109, Seminole, FL 33772.

2. Carole O'Connor is permanently enjoined from directly or indirectly infringing on LHF Productions, Inc.'s rights in the motion picture, London Has Fallen. This encompasses using the internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.

3. Carole O'Connor is ordered to destroy all copies of Plaintiff's Motion Picture that she has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in her possession, custody, or control.

4. Pursuant to 17 U.S.C. § 504, statutory damages in the amount of $15,000.00 is awarded to Plaintiff and against Defendant, Carole O'Connor based on her willful infringement of Plaintiff's copyrighted Motion Picture.

5. In addition to the statutory damages set forth above, pursuant to 17 U.S.C. § 505, total costs of $1,429.50 ($942.50 in attorneys fees and $487.00 in costs) are awarded to Plaintiff and against Defendant Carole O'Connor.

6. All pending motions are **DENIED as moot**.

7. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** this 26th day of January, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Carole O'Connor
8126 112th Street, Apt. 109
Seminole, FL 33772.